# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

**PLANET BINGO, LLC,**
a California limited liability company,

    Plaintiff,

vs.                                          CASE NO. 5:10-cv-64/RS-MD

**WILD BILL'S BINGO, INC.,**
A Florida corporation,

    Defendant.
_____/

## ORDER

Before me are Counter Defendant Planet Bingo's Motions for Summary Judgment (Docs. 25 and 30), and Counter Claimant Wild Bill's Bingo's Response (Doc. 35).

## Procedural History

Plaintiff Planet Bingo commenced this action by filing a complaint in March 2010. In April 2010, Defendant Wild Bill's Bingo (Wild Bill's) answered and asserted a counterclaim. Planet Bingo subsequently filed a Motion to Dismiss Counterclaim (Doc. 11), and Wild Bill's responded (Doc. 17). By Order dated June 21, 2010 (Doc. 21), I granted the relief requested in the Motion to Dismiss and allowed Will Bill's leave to amend the counterclaim. In July 2010, Wild Bill's filed an Amended Counterclaim (Doc. 22). Planet Bingo filed a Motion to Dismiss Amended Counterclaim (Doc. 25) and Wild Bill's Replied (Doc. 34). By Order dated August 12, 2010 (Doc. 27), I converted

the Motion to Dismiss into a Motion for Summary Judgment, giving both parties time to submit additional material pertinent to the matter. In response, Planet Bingo subsequently filed a Motion for Summary Judgment (Doc. 30), and Wild Bill's Responded (Doc. 35).

## Standard of Review

Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). In other words, the basic issue before the court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251, 106 S. Ct. 2505, 2512 (1986). The moving party has the burden of showing the absence of a genuine issue as to any material fact, and in deciding whether the movant has met this burden, the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). Thus, if reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment. *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (*citing Mercantile Bank & Trust v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)). However, a mere 'scintilla' of evidence supporting the nonmoving party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party.

*Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (*citing Anderson*, 477 U.S. at 251).

**Discussion**

In its entirety, the counterclaim alleges the following: (1) That the parties had "business dealings between themselves whereby [Planet Bingo] was to supply [Wild Bill's] with electronic video bingo systems;" (2) that Wild Bill's "was to pay [Planet Bingo] $9,500.00 weekly; (3) that numerous video bingo systems were defective; (4) that defective units were returned to Planet Bingo; and (5) that Planet Bingo overcharged Wild Bill's by $423,166 (Doc. 22, p. 5-6).

When viewed in the light most favorable to the nonmoving party, the allegations contained in the counterclaim do state a claim upon which relief can be granted. Far from being clear, Wild Bill's theory demands "restitution" (Doc. 34, p. 1) based upon "business dealings" and delivery of inoperative equipment (Doc. 22, p.6). While sparse, and want of sharp and considered illumination, these words nevertheless speak of contract based liability. While much more detail will be needed in subsequent stages of this case for the trier of fact, Wild Bill's allegations are adequate at this point.

Planet Bingo also asserts that the two agreements between the parties preclude the counterclaim. Both agreements deny damages "caused by [Planet Bingo's] delay or failure to perform (Doc. 30, p. 9)." Planet Bingo further alleges that these agreements contained a merger clause making them the exclusive embodiment of their contractual relationship (Doc. 30, p. 4-5). In response, Wild Bill's argues that these clauses are

illusory under both Florida and California law and therefore should be severed.[1] When viewed in the light most favorable to Wild Bill's, this raises a genuine issue of material fact.

Planet Bingo's Motions for Summary Judgment (Docs. 25 and 30) are **denied**.


**ORDERED** on September 13, 2010

                                                   /S/ Richard Smoak
                                                **RICHARD SMOAK**
                                                **UNITED STATES DISTRICT JUDGE**

---

[1] The two agreements provide that they are governed by California law. (Doc. 1, Attach. 1, p. 4 and Doc. 1, Attach. 2, p. 4).