UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

PLANET BINGO, LLC, a
California limited liability company,

     Plaintiff,

v.                              Case NO. 5:10-CV-00064-RS-MD

WILD BILL'S BINGO, INC.,
a Florida corporation,

     Defendant.
_____/

### GAMING ENTERTAINMENT ENTERPRISES, LLC'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT

     Gaming Entertainment Enterprises, LLC ("**GEE**"), the impleaded defendant, files its Motion for Summary Judgment and Memorandum of Law in Support ("**Motion**") pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1 and moves for summary judgment to be entered in its favor with respect to Plaintiff's Second Impleader Complaint [Doc. 166] ("**Complaint**") filed by Planet Bingo, LLC ("**Plaintiff**"). GEE requests that the Court grant it such other and further relief as the Court may deem just and proper, including attorney fees and costs.

<u>Procedural Posture and Background</u>

1. GEE seeks a summary judgment on the Complaint.

2. On January 18, 2011, the Court directed the Clerk to enter judgment ("**Judgment**") in favor of Plaintiff in the principal amount of $682,907.00 and attorney fees in the

amount of $90,000.00 against Wild Bill's Bingo, Inc.

3. On November 10, 2011, the Court allowed Plaintiff to implead Wild Bill's Bingo, LLC.  See Order [Doc. 85].

4. Following the impleader Order, the Court entered an Order [Doc. 112] granting summary judgment against Wild Bill's Bingo, LLC.  Subsequently, Plaintiff garnished Wild Bill's Bingo, LLC's bank account.  See Second Affidavit for Proceedings Supplementary to Execution [Doc 146-1, paragraph 3, in which Plaintiff acknowledges "Less Payment received from Garnishment ($14,529.62)."]

5. On June 23, 2014, the Court allowed Plaintiff to implead GEE.  See Order [Doc 165].

6. GEE filed its Answer and Affirmative Defenses [Doc. 169] ("**Answer**") on July 11, 2014.

7. GEE asserts that it is neither a fraudulent transferee nor a mere continuation of Wild Bill's Bingo, Inc., or Wild Bill's Bingo, LLC (separately or collectively, however dictated by context, "**Wild Bill's**") and is not subject to collection of the Judgment.

8. Furthermore, GEE asserts that it is not subject to collection of the Judgment that was entered at a time when Plaintiff, a California entity, was not authorized to do business in the State of Florida.

9. GEE asserts that it is entitled to collect its attorney fees and costs from Plaintiff for having to defend against the Complaint.

## Grounds for Summary Judgment

10. There is no general dispute as to any material fact with respect to the issues of whether GEE is a fraudulent transferee or mere continuation of Wild Bill's or whether Plaintiff was authorized to do business in the State of Florida the time it

recovered the Judgment against Wild Bill's which it now seeks to collect against GEE.

11. GEE is entitled to judgment in its favor on the Complaint as a matter of law.

12. This Motion is based on the pleadings and the materials filed in the record of this action.

13. GEE's statement of material facts as to which exists no genuine issue to be tried is filed with this Motion.

### Memorandum of Law in Support

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Summary judgment procedure is properly regarded, not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.' *Barnes v. Southwest Forest Indus., Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 328 (1986)). A federal court sitting in diversity applies the substantive law of the forum state. *See Davis v. Nat'l Med. Enters., Inc.*, 253 F.3d 1314 (11th Cir. 2001).

Plaintiff's Complaint cites not statutory or common law authority for its allegations that GEE is a mere continuation of Wild Bill's or that GEE has continued to conduct the same business as Wild Bill's. In the Court's prior Order [Doc. 112], the Court examined the case of *Amjad Munim, M.D., P.A. v. Azar, M.D.*, 648 So. 2d 145, 151 (Fla. 4th D.C.A. 1994), which observes that Florida honors the traditional corporate law rule that does not automatically impose the liabilities of a predecessor corporation upon a

successor corporation unless:

> (1) the successor expressly or impliedly assumes obligations of the predecessor, (2) the transaction is a de facto merger, (3) the successor is a mere continuation of the predecessor, or (4) the transaction is a fraudulent effort to avoid the liabilities of the predecessor.
>
> In this case, GEE is a separate and distinct legal entity from Wild Bill's; it is not a successor to Wild Bill's. Nevertheless, GEE can adequately refute each of Plaintiff's allegations that suggest that GEE is a successor entity. Plaintiff can cite no facts supporting the theories of assumption of obligations, de factor merger, and fraudulent transfer.
>
> No document in the record reveals that GEE assumed any obligation of Wild Bill's. In fact, the record lacks any fact suggesting that Wild Bill's even had any obligations—other that the Judgment—at or after the creation of GEE.
>
> Additionally, the facts do not support the de facto merger theory.
>
>> To find de facto merger there must be continuity of the selling corporation evidenced by the same management, personnel, assets and physical location; a continuity of the stockholders, accomplished by paying for the acquired corporation with shares of stock; a dissolution of the selling corporation; and assumption of the liabilities.

*Id*. at 153-154. In this case, there was no sale of a business. Wild Bill's and GEE had different management, personnel, and stockholders. Furthermore, there was no transfer of assets or assumption of liabilities. And, there was no payment by one entity to another for shares of stock. As stated in *Munim*, where the "technical" requirements are not met,

there is no de facto merger.  *See Munim* at 154 (finding no de facto merger because the "technical requirement" of dissolution was not established.)

Furthermore, no facts exist to show that a fraudulent transfer has occurred.  In fact, by Plaintiff's own admission, the defendant Wild Bill's Bingo, Inc., owned no assets that could have been transferred to GEE.  See Plaintiff's Impleader Complaint [Doc. 87] dated November 16, 2011—19 months *before* the filing of the Complaint against GEE—in which Plaintiff argued that Wild Bill's Bingo, Inc., had transferred all of its assets.

The only theory upon which Plaintiff appears to proceed is GEE allegedly is a mere continuation of Wild Bill's.  The concept of continuation of business arises where the successor corporation is merely a continuation or reincarnation of the predecessor corporation under a different name.  *Id*. at 154.

In this case, Wild Bill's and GEE are separate and distinct legal entities.  Wild Bill's had two stockholders and officers Vickie Broadway and William Dalton; GEE had four members Jacoby Peel, William Dalton, the late Perry Cain, and the late Vickie Broadway.  Although, due to the unexpected deaths of Mr. Cain and Mrs. Broadway, GEE has been unable to move forward with its plans as quickly as initially planned, GEE's business involves more than the operation of a bingo hall.  GEE's business model includes hosting concerts, wrestling, and boxing events to benefit charitable causes in the community.  Wild Bill's did not host concert events and limited its operations to simple games common to bingo halls.

Wild Bill's operated a bingo hall with a western theme; its décor and advertising were consistent with the western theme.  GEE, which is commonly known as Fun Time Bingo, has a registered fictitious name unrelated to Wild Bill's. GEE operates a bingo

hall with a carnival theme, and "Fun Time Bingo" is printed on signs and T-Shirts. GEE, as Fun Time Bingo, is the sponsor of a little league baseball team. In fact, so there would be no misperception that GEE was a continuation of Wild Bill's, GEE closed the doors to its bingo hall for approximately 3 days so it could paint its walls and build a carnival-like atmosphere both inside and outside the bingo hall.

Additionally, GEE asserts that Plaintiff has no right to enforce its Judgment against GEE when Plaintiff was not authorized to do business in the State of Florida at the time it recovered the Judgment against a separate entity, Wild Bill's. Pursuant to section 608.502(1), Florida Statutes, "A foreign limited liability company transacting business in this state without a certificate of authority may not maintain a proceeding in any court in this state until it obtains a certificate of authority."

Plaintiff unlawfully maintained the proceeding in which the Judgment was rendered. Because GEE was not a party to the action, GEE was not in a position to reveal Plaintiff's unlawful activity until the Court allowed Plaintiff to implead GEE later in 2014. At GEE's first opportunity, it raised section 609.502(1) as an affirmative defense. Plaintiff should not be afforded an unfair opportunity to collect against GEE—an impleaded defendant—a judgment that Plaintiff unlawfully obtained.

For the foregoing reasons, GEE requests that the Court enter summary judgment in its favor and award GEE attorney fees and costs for having to defend this matter.

DATED this 3rd day of November, 2014.    /s/Ashley B. Rogers
                                          Ashley B. Rogers
                                          Chesser & Barr, P.A.
                                          398 N. Main St., Ste. B
                                          Crestview, FL 32536
                                          (850) 683-9945 telephone
                                          (850) 398-6911 fax

                                            rogers@chesserbarr.com
                                            FL BAR ID# 0033315
                                            Attorney for GEE

## CERTIFICATE OF SERVICE

      I CERTIFY that a true copy has been furnished to the following persons via the CM/ECF electronic system: Elwin R. Thrasher, III.

                                            /s/Ashley B. Rogers
                                            Attorney